PER CURIAM.*
Granted. The court of appeal’s order is vacated and the ruling of the district court excluding the Peart statement at any forthcoming penalty phase in this case is reinstated. Our decisions in State v. Langley, 95-1489 (La.4/14/98), 711 So.2d 651, in which defense counsel first introduced the defendant’s dream diary, and State v. Cooks, 97-0999, p. 1 (La.9/9/98), 720 So.2d 637, 654 (Calogero, C.J., concurring), in which evidence of the defendant’s gang affiliation was relevant to demonstrate “his continuing capability for acting on his violent propensities within and without the prison walls through his gang affiliation,” id., do not govern the admissibility of the defendant’s statements in this case. Unless they specifically concern the charged crime and its victim, a defendant’s sociopathic homicidal fantasies generally shed no light on his moral culpability for his homicidal acts and do not constitute relevant character and propensity evidence at a capital sentencing hearing. In light of the court of appeal’s ruling in State v. Robinson, 99-0144 (La.App.3rd Cir. 3/11/99), writ denied, 99-0853 (La.6/18/99), *195 745 So.2d 22, the district court is directed to reconsider the admissibility of the Re-gan statements as character and propensity evidence at the penalty phase.
LEMMON, J., would grant and docket.
TRAYLOR, J., would deny the -writ.

 Knoll, J., not on panel. See La. S.Ct. Rule IV, Part 'll, § 3.